# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1178 | **DATE** | 6/20/2011 |
| **CASE TITLE** | Fogel et al vs. Bukovic et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' request for reasonable expenses and attorneys' fees [38] and denies Defendants' motion for sanctions [42].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

      Defendants Sergeant Bukovic, Officer Suroviak, and the Village of Lynwood (collectively, "Defendants") seek their reasonable expenses and attorneys' fees for the time that they spent opposing Plaintiffs' unsuccessful consolidated motion to quash Defendants' subpoenas and to sanction Defendants. (R. 38.)  Defendants also request their expenses and fees in responding to Plaintiffs' motions to strike and to compel, both of which the Court denied.  (*Id.* at 1.)  In response, Plaintiffs argue that their motions were substantially justified, and so the Court should deny Defendants' request for expenses. (R. 40.)   Before the Court ruled on their motion for expenses, Defendants filed a motion for sanctions against Plaintiffs.   (R. 42.)

## BACKGROUND

     On February 18, 2011, Defendants removed the present case from the Circuit Court of Cook County to this Court.  (R. 1.)  Plaintiffs allege that Defendants failed to protect them from Ms. Montgomery's deceased husband, who, on October 8, 2008, shot both himself and Ms. Montgomery. (R. 1 at 41-63.) Plaintiffs bring claims for violation of the Illinois Domestic Violence Act, for intentional infliction of emotional distress, for civil conspiracy, and for violation of their civil rights. (*Id.* at 51-62.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

While the case was pending in state court, Defendants filed a motion to dismiss, arguing that the statute of limitations barred Plaintiffs' claims. (R. 25 at 2-3.) In response, Plaintiffs argued that Illinois law tolled the statute of limitations because Ms. Montgomery experienced a life-threatening injury, which caused her to be under a legal disability. (*Id.* at 50-51.) The state court denied Defendants' motion to dismiss on the ground that "plaintiff alleged sufficient facts to establish that she was not fully able to manage her person or estate and was, therefore, under a legal disability." (*Id.* at 51.) Thereafter, Defendants sought discovery regarding Ms. Montgomery's alleged disability. (*Id.* at 4.)

On March 31, 2011, and after removal, Plaintiffs filed a consolidated motion for sanctions against Defendants for abuse of the discovery process and to quash Defendants' subpoenas. (R. 17.) Plaintiffs alleged that Defendants improperly (1) used "a subpoena to compel a witness to come to an office to be interviewed," and (2) employed coercive tactics on a nonparty witness in order to obtain a signed affidavit. (*Id.* at 3-4.) Plaintiffs also sought to quash subpoenas that Defendants had served on a variety of financial institutions. (*Id.* at 5-7.) Plaintiffs alleged that Defendants were engaging in an "abusive fishing expedition," which went beyond the scope of permissible discovery. (*Id.* at 7.)

On May 5, 2011, the Court denied Plaintiffs' consolidated motion in its entirety, finding that—contrary to Plaintiffs' assertion—the subpoena served on the relevant witness, Cynthia Frye, would not lead a reasonable recipient to believe that it required physical appearance. (R. 36.) The Court noted that the subpoena, which was comprised of four separate sentences, prominently stated that "THIS SUBPOENA IS FOR RECORDS <u>ONLY</u>. IF YOU COMPLY, YOUR APPEARANCE WILL NOT BE NECESSARY." (*Id.* at 3 (quoting R. 17-1 at 1, 3).) The Court also found no evidence to support Plaintiffs' allegation that Defendants "coercively kept [Ms. Frye] at counsel's office for a total of almost four hours," during which time Defendants "interrogat[ed]" her in an "intimidating manner." (*Id.* (quoting R. 28 at 3.) The Court further observed that Defendants, in failing to serve Plaintiffs with a copy of the subpoena that they served on Ms. Frye, did not abide by Illinois Supreme Court Rule 104(b). (*Id.* at 4.) Yet, Plaintiffs did not explain how this violation had prejudiced them, and so the law did not entitle them to suppress Ms. Frye's affidavit. (*Id.* at 5.)

The Court also denied Plaintiffs' motion to quash the subpoenas that sought information relating to Ms. Montgomery's financial activities during the period of her alleged disability. (*Id.* at 5.) Because they were limited in scope to the time period of Ms. Montgomery's alleged disability, the Court found that these subpoenas were reasonable and not overly broad. (*Id.* at 5.) Citing Federal Rule of Civil Procedure 37, which requires courts to provide an opportunity to be heard before granting the prevailing party its reasonable expenses, the Court directed the parties to brief the questions whether Plaintiffs' consolidated motion was substantially justified and whether Plaintiffs should pay Defendants their reasonable expenses, including attorneys' fees. (*Id.* at 6.)

On May 12, 2011, Defendants filed their brief in support of an award of reasonable expenses and attorneys' fees. (R. 38.) In addition to addressing whether the Court should award Defendants their expenses and fees in opposing Plaintiffs' consolidated motion, Defendants also requested their expenses in responding to Plaintiffs' motions to compel and to strike Defendants' request to admit facts—motions that this Court ultimately denied. (*Id.* at 1.) On May 17, 2011, Plaintiffs filed a response to Defendants' brief. (R. 40.)

Prior to this Court's ruling with respect to the attorneys' fees and expenses, on June 1, 2011, Defendants filed a motion for sanctions against Plaintiffs.[1] (R. 42.) Defendants allege that Plaintiffs made false factual

---

[1] "Rule 11(c) of the Federal Rules of Civil Procedure allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met." *Cuna Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006). "Rule 11 provides that by presenting documents to the court, an attorney certifies to the best of his or her knowledge that (1) they are not being presented for any improper purpose, [and that] (2) the claims and contentions are warranted by existing law, and (3) the allegations and factual contentions have factual support." *U.S. Bank Nat'l Ass'n, N.D. v. Sullivan-Moore*, 406 F. 3d 465, 469 (7th Cir. 2005) (citing Fed. R. Civ. P. 11(b) (1)-(3)). According to Rule 11(d), "[t]his rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

assertions and/or legal contentions in their consolidated motion and in their motion to strike Defendants' request to admit facts. (*Id.* at 1-2.) Specifically, Defendants allege that Plaintiffs' assertion that Defense counsel improperly obtained Plaintiff's financial information and failed to disclose or supplement these records is false. (*Id.* at 3-4.) Defendants further submit that Plaintiffs failed to conduct a reasonable investigation pursuant to Rule 11. (*Id.* at 5.) They also contend that Plaintiffs inaccurately asserted that the state court denied Defendants' request "to conduct discovery regarding the Plaintiff's disability. . ." (*See* R. 42 at 8, *quoting* R. 28 at 7.) Finally, they state that Plaintiffs' allegations regarding Defendants' failure to produce the affidavit signed by Cynthia Frye are false. (*Id.* at 9-10.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides that, if it denies a discovery motion, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). As the Seventh Circuit has observed, this rule "presumptively requires every loser to make good the victor's costs." *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). Rule 37 also provides, however, that a court must not award monetary sanctions if the losing party was substantially justified in its motion or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B)(ii)-(iii).

The test for substantial justification, as it applies to Rule 37(a), is satisfied if there is a "genuine dispute." *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing Advisory Committee Notes on 1970 Amendments to Fed. R. Civ. P. 37(a)(4)). Substantial justification is also present if reasonable people could differ as to the appropriateness of the contested action. *Pierce*, 487 U.S. at 565 (citing 8 C. Wright and A. Miller, Federal Practice and Procedure § 2288, p. 790 (1970)).

## ANALYSIS

**The Court Declines to Award Defendants Their Reasonable Expenses and Attorneys' Fees**

Emphasizing the importance of Ms. Montgomery's alleged disability to the present lawsuit, and observing that Plaintiffs themselves placed the issue into controversy, Defendants contend that Plaintiffs were not substantially justified in moving to quash the subpoenas served on the relevant financial institutions. (R. 38 at 2.) Defendants also argue that Plaintiffs were not substantially justified in seeking sanctions, pointing out that they did not interrogate and coerce Ms. Frye into signing an affidavit, and did not improperly use a subpoena to compel her attendance. (*Id.* at *passim*.) Plaintiffs respond that their consolidated motion was substantially justified because Ms. Frye contacted Plaintiffs to express her concern about the conduct of Defendants' attorney, and because they based their motion to quash on Defendants' failure to produce copies of the riders that were attached to the relevant subpoenas. (R. 40 at 4-6.)

  A. **Plaintiffs Were Not Substantially Justified in Filing their Motion for Sanctions, but the Court Declines to Award Defendants Their Expenses in Responding to that Motion**

For reasons explained in the Court's May 5, 2011, opinion and summarized above, Plaintiffs' motion for sanctions was not well founded. In light of its view that Plaintiffs were not substantially justified in seeking sanctions, the Court would have been predisposed to award Defendants their reasonable expenses, including attorneys' fees, in responding to that portion of Plaintiffs' consolidated motion. Unfortunately, Defendants subsequently filed a motion for sanctions of their own, (R. 42), which was both unnecessary and emblematic of the breakdown in professionalism between the parties.

The Seventh Circuit has recognized how the lack of professionalism has plagued the legal profession. It has noted:

> A lack of civility can escalate clients' litigation costs while failing to advance their
> interests or bring them closer to their ultimate goal of ending disputes. Time
> expanded in "Rambo"-style discovery can hinder or prevent litigation parties from
> getting to the heart of important contested issues. Furthermore, with today's
> overcrowded dockets, judicial time is wasted resolving needless (often petty) disputes,
> which, in turn, deprives those litigants who are ready for trial the opportunity for a
> more expeditious hearing. Everyone is harmed.

Final Report of the Committee on Civility of the Seventh Federal Judicial Circuit, 143 F.R.D. 441, 445 (1992). With these concerns in mind, the Court refuses to condone the parties' actions in this case by granting either Defendants' request for expenses or Defendants' motion for sanctions.

**B.      Plaintiffs Were Substantially Justified in Moving to Quash Subpoenas**

Although it denies Defendants' motions for expenses and for sanctions, the Court observes that Plaintiffs were substantially justified in moving to quash the subpoenas that Defendants served on various third-party financial institutions.

Of course, the Court previously denied Plaintiffs' motion to quash for several reasons. (R. 36 at 5.) Plaintiffs have placed Ms. Montgomery's alleged disability directly at issue, and so information pertaining to her credit-card and bank-account activities during the period of claimed disability is both relevant and discoverable. Although such information is of course confidential, the Federal Rules of Civil Procedure envision the dissemination of confidential documents under a protective order. Fed. R. Civ. P. 26(c). In moving to quash the subpoenas that sought information about Ms. Montgomery's financial activities during the relevant period, Plaintiffs presented no argument why a protective order would be inefficacious in preserving the confidentiality of the sought documents. (R. 17.) Nor did Plaintiffs cite a single case in which a court has granted a motion to quash in comparable circumstances. (*Id.*)

Plaintiffs were not substantially justified in seeking to quash the subpoenas on grounds of relevance and confidentiality. The Court concludes, however, that they were substantially justified in moving to quash on the ground that Defendants served copies of the subpoenas, but not the accompanying riders, on them. (R. 40 at 4-6.)

It is true that Plaintiffs did not, and do not, direct the Court to any controlling or persuasive authority that such a deficiency requires it to quash the subpoenas. In addition, Plaintiffs fail to explain how the lack of proper service prejudiced them, particularly in light of the fact that Plaintiffs do not explicitly argue that the subpoenas sought information different from what prior subpoenas (served on the same financial institutions, though quashed on separate grounds) sought.[2] Nevertheless, improper notice of the kind alleged carries significant potential to cause prejudice, and Plaintiffs had a good-faith argument for moving to quash on this ground.[3] (R. 36

---

[2] *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("We have stated that a district court deciding whether to impose sanctions for discovery violations should consider: (1) the prejudice or surprise to the party against whom the evidence is being offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."); *Jones v. Ill. Educ. Labor Relations Bd.*, 650 N.E.2d 1092, 1101 (Ill. App. Ct. 1995). Furthermore, and as noted in the Court's order denying Plaintiffs' consolidated motion for sanctions and to quash, "the parties do not dispute that the subpoenas call for the production of documents relating to Ms. Frye's credit-card and bank-account activities." (R. 36 at 5.)

[3] In addition, the Court expresses concern in light of Plaintiffs' representation that Defendants have not responded to their supplemental request for production, which seek, among other things, copies of all riders issued in connection with all subpoenas served by Defendants in this case. (R. 40 at 5.) The Court reminds both parties that it expects them fully to abide by their discovery obligations, to cooperate in good faith, and to avoid burdening the Court with disputes that they should reach agreement upon

at 5.) For that reason, the Court finds that Plaintiffs were substantially justified in moving to quash the subpoenas directed at the financial institutions.

## CONCLUSION

For the preceding reasons, the Court denies Defendants' request for reasonable expenses and attorneys' fees (R. 38) and denies Defendants' motion for sanctions (R. 42.). The Court instructs the parties to work together professionally to avoid resorting to the Court to resolve disputes that they are eminently capable of addressing themselves.

---

themselves.